IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:17-CT-3047-BO

| | | |
|---|---|---|
| ERIC ALLEN WHISNANT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| C/O HILL and C/O DAWSON, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, a state inmate, filed this civil rights action *pro se* pursuant to 42 U.S.C. § 1983, alleging that defendant Correctional Officer Hill ("Hill") used excessive force against him and that defendant Correctional Officer Dawson ("Dawson") failed to protect him from the alleged assault in violation of the Eighth Amendment to the United States Constitution. Plaintiff subsequently moved for default judgment (DE 62, 75) as to both defendants.

On January 6, 2020, United States Magistrate Judge Robert B. Jones, Jr. conducted an evidentiary hearing at which plaintiff, represented by North Carolina Prisoner Legal Services ("NCPLS"), and Dawson, proceeding pro se, both appeared and testified. Defendant Hill did not appear at the hearing. Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the magistrate judge thereafter entered a memorandum and recommendation ("M&R") (DE 84) as to plaintiff's motions for default judgment wherein he recommended that the court grant plaintiff's motions, and that plaintiff be awarded compensatory damages in the amount of $15,000.00 against

defendant Hill, and $250.00 against defendant Dawson, for total damages of $15,250.00. Dawson timely filed an objection to the M&R (DE 86), and plaintiff responded through counsel.

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (emphasis, alteration, and quotation omitted); see 28 U.S.C. § 636(b). The court, however, need not conduct a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). "Section 636(b)(1) does not countenance a form of generalized objection to cover all issues addressed by the magistrate judge; it contemplates that a party's objection to a magistrate judge's report be specific and particularized, as the statute directs the district court to review only those portions of the report or specified proposed findings or recommendations to which objection is made." United States v. Midgette, 478 F.3d 616, 621 (4th Cir. 2007) (emphasis and quotation omitted).

Here, Dawson does not offer any specific objection to the magistrate judge's order. Rather, Dawson simply restates the testimony she provided at the evidentiary hearing, and expresses general disagreement with the magistrate judge's finding of liability. The court has reviewed the M&R and the record. The court is satisfied that there is no clear error on the face of the record. Accordingly, the court adopts the conclusions in the M&R.

Alternatively, Dawson's objection lacks merit. In his M&R, the magistrate judge determined that Dawson violated the Eighth Amendment because she failed to protect plaintiff from defendant Hill's assault. Generally, the deliberate indifference standard applies to cases alleging failure to

2

safeguard an inmate's health and safety, including failure to protect an inmate from attack. See Farmer v. Brennan, 511 U.S. 825, 834 (1994); Wilson v. Seiter, 501 U.S. 294, 303 (1991); Thompson v. Virginia, 878 F.3d 89, 97 (4th Cir. 2017). The deliberate indifference standard is analyzed under the following two-pronged test: "(1) the prisoner must be exposed to a substantial risk of serious harm, and (2) the prison official must know of and disregard that substantial risk to the inmate's health or safety." Thompson, 878 F.3d at 97-98 (internal quotation omitted).

In her objection, Dawson states that she did "what was required of [her] duties" to protect plaintiff. (DE 85). Specifically, Dawson states that she went to the nurses' station immediately after the alleged assault began, and requested that medical staff call the police. Id. Dawson further states that this was the best method of procuring assistance for plaintiff due to the physical size difference between herself and Hill. Id. As Dawson acknowledges, the magistrate judge considered this evidence in making his determination as to damages, and consequently, made a much lower award of damages as to Dawson based upon her testimony. See ((DE 85); (DE 84), p. 16). The magistrate judge, however, also correctly determined that plaintiff established Dawson's liability. See (Compl. p. 5); Fed. R. Civ. P. 8(b)(6); Ryan v. Homecoming Financial Network, 253 F.3d 778, 780 (4th Cir. 2001) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact.") (internal citation omitted)); Weft, Inc. v. G.C. Inv. Associates, 630 F. Supp. 1138, 1141 (E.D.N.C. 1986), aff'd, 822 F.2d 56 (4th Cir. 1987); Bonilla v. Trebol Motors Corp., 150 F.3d 77, 82 (1st Cir. 1998); see also, United States v. Redden, No. WDQ-09-2688, 2010 WL 2651607, at *2-3 (D. Md. June 30, 2010).

Based upon the foregoing, the court agrees with the magistrate judge's conclusion that plaintiff satisfied both prongs of the deliberate indifference standard. Accordingly, the court agrees

3

with the magistrate judge's analysis and adopts his findings and recommendations as to liability in full. Additionally, no party objected to the magistrate judge's determination as to damages. The court finds no error in the magistrate's recommendation as to damages, and adopts the magistrate judge's recommendation in full.

Upon *de novo* review of those portions of the magistrate judge's M&R (DE 84) to which specific objections have been filed, and upon considered review of those portions of the M&R to which no such objection has been made, the court ADOPTS the findings and recommendations of the magistrate judge. The court GRANTS plaintiff's motions for default judgment (DE 62, 75), and AWARDS compensatory damages in the amount of $15,000.00 against defendant Hill, and $250.00 against defendant Dawson, for total damages of $15,250.00. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 25 day of February, 2020.

*Terrence Boyle*
TERRENCE W. BOYLE
Chief United States District Judge